IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-11-GF-BMM-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| MICHAEL JAMES FRANKS, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Franks of violating his conditions of supervised release by (1) failing to answer truthfully all inquires by his probation officer on multiple occasions, (2) being within 100 yards of a school on multiple occasions, (3) failing to complete sex offender treatment, (4) possessing sexually explicit material, and (5) possessing an electronic device with video-recording capabilities. He admitted to all violations, with the exception of one instance of being within 100 yards of a school. Mr. Franks's supervised release should be revoked. He should be sentenced to eighteen months of custody, with twelve months of supervised release to follow. The Court recommends that Mr. Franks serve his sentence in a facility that offers sex offender treatment.

## II. Status

Mr. Franks pleaded guilty to Failure to Register as a Sex Offender in April 2013. (Doc. 32.) Chief District Judge for the District of Montana Dana Christensen sentenced him to fifteen months in prison, and sixty months of supervised release. (Doc. 37.)

United States District Judge Brian Morris revoked Mr. Franks's supervised release in December 2014 because Mr. Franks violated the conditions of his supervised release by entering an elementary school in Browning, Montana. Judge Morris sentenced him to six months in custody, with fifty-four months of supervised release to follow. (Doc. 46.)

Judge Morris again revoked Mr. Franks's supervised release in March 2016 because Mr. Franks had an intoxicated seventeen-year-old female in his vehicle, possessed sexually explicit materials, possessed a camera phone, and possessed drug paraphernalia. Judge Morris sentenced him to nine months in custody, with forty-two months of supervised release to follow. (Doc. 64.) Mr. Franks began his current term of supervised release on October 13, 2016.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Mr. Franks's supervised release on December 12, 2016. (Doc. 72.) The Probation Office accused Mr. Franks of violating his conditions of supervised

release by (1) failing to answer truthfully all inquires by his probation officer on multiple occasions, (2) being within 100 yards of a school on multiple occasions, (3) failing to complete sex offender treatment, (4) possessing sexually explicit material, and (5) possessing an electronic device with video-recording capabilities. (*Id*.) Judge Morris issued a warrant for his arrest based on the facts alleged in the petition. (Doc. 71.)

### Initial appearance

Mr. Franks appeared before the undersigned on December 13, 2016, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Franks said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Mr. Franks admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Franks's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for forty-two months, less any custody time imposed. The United States Sentencing

Guidelines call for five to eleven months in custody.

Mr. Gallagher recommended a term of twelve months and one day in custody, with no supervised release to follow. In lieu of that sentence, Mr. Gallagher recommended a sentence of five to twelve months in custody, with a lesser sentence of supervised release to follow that would include electronic monitoring. Mr. Weldon recommended a sentence of eighteen months in custody with twenty-four months of supervised release to follow. Mr. Franks addressed the Court and stated that he wants to go on electronic monitoring and would like to attend welding and electrician classes.

### III. Analysis

Mr. Franks's supervised release should be revoked because he admitted violating its conditions. Mr. Franks should be sentenced to eighteen months in custody, with twelve months of supervised release to follow. The Court recommends that Mr. Franks serve his sentence in the a facility that offers sex offender treatment. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Franks was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider Mr. Franks's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Michael James Franks violated his conditions of supervised release by (1) failing to answer truthfully all inquires by his probation officer on multiple occasions, (2) being within 100 yards of a school on multiple occasions, (3) failing to complete sex offender treatment, (4) possessing sexually explicit material, and (5) possessing an electronic device with video-recording capabilities.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Franks's supervised release and committing him to the custody of the United States Bureau of Prisons for eighteen months, with twelve months of supervised release to follow. He should serve this sentence in a facility that offers sex offender treatment.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of December 2016.

John Johnston
United States Magistrate Judge